# CASES

ADJUDGED IN

# THE COURT OF CHANCERY

## OF THE STATE OF NEW-JERSEY.

### JANUARY TERM, 1840.

---

### CORNELIUS OAKLEY v. EDWARD O'NEILL et al.

A decree pro confesso may be taken at any time, after the time limited for the defendant to plead, answer or demur, has expired. It may be taken without notice, and as of course, unless it appear that some prejudice will thereby accrue to the adverse party.

THE object of the bill in this cause was to avoid a conveyance as fraudulent; it also prayed an injunction. At January term, 1839, an order was made upon Daniel O'Neill, an absent defendant, to appear, &c., at April term, also the usual order for publication. Two of the defendants answered the bill. Daniel O'Neill having failed to appear, *Mr. A. S. Pennington*, now, upon proof of publication of the rule of January, 1839, moved for a decree pro confesso against him.

*E. B. D. Ogden*, contra, objected, that the complainant ought to have applied for this decree at April term, 1839, and, having failed so to do, he is not entitled to the decree as of

[Oakley v. O'Neill et al.]

course, nor without previous notice to the adverse party. This is the rule at law.

THE CHANCELLOR. The rule contended for by the defendants' counsel does not prevail in equity. The complainant is entitled to his decree, at any time after the rule to appear, &c. has expired, and it will be granted as of course unless it appear that some prejudice will accrue to the adverse party.

Motion granted.